FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  00 DEC -1  PM 2: 53
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALBERT WILLIAMS, JR.,                )
                                     )
        Plaintiff,                   )
                                     )
v.                                   ) CIVIL ACTION NO. 87-N-1531-S
                                     )
HOOVER POLICE DEPARTMENT, ET AL.,    )
                                     )
        Defendants.                  )

ENTERED
DEC 0 1 2000

MEMORANDUM OF OPINION

Mr. Williams objects to the magistrate judge's findings that the fourteen month delay from the time this case was held in abeyance until plaintiff's Rule 32 petition was filed was evidence that the doctrine of laches should apply. Mr. Williams avers in his objections that he was required to exhaust his state direct appeal remedies after the stay. This is factually incorrect. Plaintiff's conviction was affirmed without opinion on June 30, 1989; the application for rehearing was overruled on August 25, 1989; the petition for writ of certiorari was denied on November 13, 1989. (See CV 97-N-166-S, petition and magistrate judge's May 3, 1999 report and recommendation). This action was not held in abeyance until April 23, 1990, more than five months after petitioner's direct appeal was completed. Plaintiff did not file his first Rule 32 petition in state court until June 18, 1991.

Plaintiff further objects to the magistrate judge's finding that he waited three years and nine months after his Rule 32 petition was denied before filing his first federal habeas petition. Plaintiff alleges that he filed a second Rule 32 petition and waited until the appeal process was exhausted before filing his federal petition; therefore, the delaying in exhausting his state and federal

habeas remedies was not his fault. This allegation was considered in the magistrate judge's findings and recommendation, p.8, n.2, and will not therefore be addressed again here.

Finally, to the extent that plaintiff alleges that the court determined <u>on it own initiative</u> that plaintiff was challenging his conviction is factually incorrect. Plaintiff admits:

> Plaintiff's claim in this action was that his civil rights had been violated due to the beating that he received by Hoover Police Officers. <u>The fact that plaintiff made a confession to a murder in order to get the beating to stop, was a factor raised by plaintiff in this action in order to explain why the beating took place.</u>

(Plaintiff's Objection, p.1) (Emphasis added).

Had the court conducted an evidentiary hearing in this action in 1989 and concluded that plaintiff was beaten in order to obtain a confession, plaintiff's conviction could have indeed been rendered invalid despite plaintiff's present contention that he did not intend to challenge his conviction in this civil action. Plaintiff's objections are due to be overruled.

An appropriate Judgment will be entered.

DONE this the  1st  day of  Dec. , 2000.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE